The People of the State of New York ex rel. Charles W. Spaulding, Respondent, v. The Board of Supervisors of Saratoga County, Appellant.

Appeal — Correction of Order Failing to Comply with Direction of Appellate Division. Where the Appellate Division has directed that a peremptory writ of mandamus should be granted requiring a board of supervisors to allow claims for services rendered on a *quantum meruit* "at such sums as are proper," an order entered thereon requiring their allowance at a specified amount is erroneous, and, upon an appeal therefrom, will be corrected so as to conform to the direction of the Appellate Division.

*People ex rel. Spaulding* v. *Bd. of Supervisors*, 66 App. Div. 117, modified.

(Argued February 11, 1902; decided February 25, 1902.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 20, 1901, which reversed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendant to audit certain claims for expenses incurred in finding homes for indigent children and granted such writ.

The facts, so far as material, are stated in the opinion.

*William D. McNulty* for appellant.

*Horace E. McKnight* and *Edgar T. Brackett* for respondent.

Cullen, J.    We are in substantial accord with the opinion delivered by the learned court below, and if the order entered had conformed to the direction in the opinion, that the man-

damus should require the appellant to audit the relator's claims at such sums as were proper, we should have affirmed the order without comment. But the order appealed from requires the appellant to allow those claims at specified amounts. We think this was erroneous. The original resolution of the board of supervisors authorized the superintendent of the poor to employ the services of W. J. Maybee, the relator's assignor, to place children then confined in orphan asylums in proper homes at an expense not exceeding fifty dollars for each child. Possibly this would have authorized the superintendent to contract with Maybee for the payment of the sum of fifty dollars in each case, but I can find no proof of such an agreement in the papers. Therefore, the only claim Maybee had for his services was on a *quantum meruit* for their reasonable value, not exceeding fifty dollars for each child.

The order of the Appellate Division should be modified so as to direct the appellant to audit the relator's claims at their fair and reasonable value, not exceeding fifty dollars for each child placed in a suitable home, without costs to either party.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur.

Ordered accordingly.